ANDREW AMEND

*v.*

ALEXANDER SMITH.

1. EXEMPTION—*when to be claimed. and its extent.* The debtor is required to make the selection of the property, under the clause of the statute exempting $100 worth "of other property," and it must be done at the time of the levy or when he has notice of the levy.

2. CONSTRUCTION *of a statute—not by the jury.* In an action of replevin, by an execution debtor against an officer, for a lot of corn exceeding in value $100, claimed as being exempt from levy, it is error to instruct the jury that in determining the exemption to which the plaintiff is entitled it is their duty to construe the law liberally towards the plaintiff.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. HALEY & O'DONNELL, for the appellant.

Per CURIAM: This was an action of replevin, for corn standing in the field, which had been levied upon by the defendant, as constable, under execution against the plaintiff.

Plaintiff had raised the crop as tenant, and was to have three-fifths of it. The property was claimed by plaintiff under the 9th clause 13th section Rev. Stat., 499, in relation to property exempt from execution, which is as follows:

"*Ninth*—One hundred dollars' worth of other property suited to his or her condition in life, selected by the debtor."

Plaintiff claimed and replevied the whole crop. The testimony showed that such three-fifths was worth more than $100.

Defendant's counsel asked this instruction, which the court below refused:

"The court instructs the jury that before the plaintiff in this case can recover the corn in question, he must show that he demanded and claimed it as exempt, and selected it as exempt, before levy, or as soon as he had notice of such levy; yet, if the jury believe that his interest in said corn was worth

more than $100, then plaintiff could not select it as exempt without specifying a portion thereof not exceeding in value $100; and unless they believe such selection was so made, the. law is for the defendant on this point, and the jury will so find."

The instruction should have been given. The statute requires the debtor to make the selection, and it should be done at the time of the levy, or when the execution debtor has notice of it, to afford an opportunity to levy upon other property, or resort to other means for the collection of the execution.

The court gave the following instruction for the plaintiff:

"The jury are instructed that in determining the exemption to which the plaintiff is entitled in this case, it is their duty, under the law, to construe the exemption law liberally towards the plaintiff."

This is an instruction which should not have been given to the jury.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*