Biggs v. McKenzie.

## C. C. BIGGS
### v.
## P. S. McKENZIE.

1. EXEMPTION LAWS—DUTY OF DEBTOR.—It is the duty of the debtor, if he would claim the benefit of the exemption laws, to make a schedule of all his property, subscribed and sworn to by him, and hand the same to the officer.

2. SAME.—The protection given by the statute upon compliance with its conditions, is withdrawn from all property not scheduled, and this independently of any questions of fraud, inadvertence or mistake.

3. SCHEDULE ON NEW EXECUTION.—Where appellee made his schedule on an execution, and the same day that the execution was returned "*nulla bona*," at the instance of the judgment cred.tor another execution was issued. *Held*, that if appellee claimed the exemption, he must make another schedule on the new execution.

Biggs v. McKenzie.

APPEAL from the County Court of Franklin county; the Hon. W. H. WILLIAMS, Judge, presiding. Opinion filed April 6, 1885.

Messrs. MOYERS & SMITH and Mr. F. M. YOUNGBLOOD, for appellant; that the schedule must be tendered under each and every execution, cited Right v. Deyoe, 86 Ill. 490; Amend v. Smith, 87 Ill. 198; Blair v. Parker, 4 Bradwell, 409; Cook v. Bohl, 8 Bradwell, 293; Menzie v. Kelly, 8 Bradwell, 259; Camp v. Ganley, 6 Bradwell, 499.

Mr. C. H. LAYMAN, for appellee.

CASEY, P. J. This was a suit begun before a justice of the peace by appellee against appellant. The cause was appealed to the county court, when upon a trial a judgment was rendered in favor of appellee for the sum of $200. Appellant was a constable and as such levied upon and sold property belonging to appellee that it is claimed was exempt from execution, and the suit is brought to recover twice the value of the property so sold. The facts are that on the 13th of November, 1883, an execution came into the hands of appellant as a constable, against appellee, for the sum of $82.15. That on the 22d of December, 1883, appellee delivered to appellant a schedule of his personal property. That on the 22d day of January following, appellant had the property mentioned in said schedule appraised as provided by the statute, except the gold watch referred to in the schedule, which at the time of the appraisement could not be found. Appellee claimed that the watch had been stolen. The property found by the appraisers was valued at $400.75.

On that same day that execution was returned by appellant no property found, and at the instance of the judgment creditors, another execution was issued and placed in the hands of appellant, who proceeded on the following day to make a levy upon the property of appellee, and took possession thereof. The evidence is conflicting as to whether appellee knew that a new execution had been issued or not at the time

the levy was made. But appellee was informed by the justice, during that same day, that the levy was by virtue of a second or new execution. No schedule, as provided for by the statute, was made and presented by appellee to appellant after the issue or levy of the new execution. There was ample time in which to have made the schedule, and the evidence strongly indicates that the officer desired appellee to make the schedule, but he did not do so. It is claimed by appellee that having made his schedule because of the former execution, that the property was exempt from sale under that and subsequent executions. The statute of 1877 provides that where any debtor, against whom an execution writ of attachment or distress warrant has been issued, desires to avail himself or herself of the benefit of this act, he or she shall make a schedule of all of his or her personal property of every kind and character, including money on hand and debts due and owing to the debtor, and deliver the same to the officer having the writ of execution, writ of attachment or distress warrant; which said schedule shall be subscribed and sworn to by the debtor, and any property owned by the debtor and not included in such schedule shall not be exempt as aforesaid. Under this provision of the statute the debtor is required to make and deliver to the officer a schedule of his personal property; and it is not material what amount of personal property he may own, none of it is exempt unless the schedule is made as required by the statute. The statute does not provide that one schedule shall be sufficient as between the same creditor and judgment debtor. It does not provide that when a debtor has once made his schedule he shall not be required to make another upon another execution. And that evidently was not the meaning of the legislature. The language of the act is explicit: "Whenever any debtor against whom an execution  *  *  *  has been issued, desires to avail himself, he shall make out a schedule, etc." If we were to say, in this case, that the judgment debtor having made one schedule it was sufficient, we would undoubtedly be enlarging the statute, and to that extent be legislating on the subject. While statutes of this

Biggs v. McKenzie.

character are to be construed liberally, we are not authorized to go beyond the words and clear intent and meaning of the law makers. The reason why the legislature required a schedule to be made in case an execution should be issued and did not provide that one schedule should be sufficient is obvious. The fortunes of the judgment debtor might change in a day or a week so that he would be enabled to meet his liabilities, and so, doubtless, it was in this case.

We judge so, for the reason that appellee knew, on the day the levy was made, that a second execution had been issued. He advised with the justice of the peace and had ample time and opportunity to make a schedule, and it seems to be admitted that after the trial of this cause before the justice, appellee did claim to appellant to have a pretended schedule which was not sworn to. The paper was not presented to appellant. He was not allowed to take it in his hands unless he would agree in advance to deliver to appellee the property upon which he had levied the execution and for which he was responsible. The case of Blair v. Parker, 4 Bradwell, 409, is in point in this case. In the cause referred to an effort was made to amend the schedule by the judgment debtor. Upon that question the court says in substance that the legislature has not provided for amending the schedule, and continuing, the court says, we have no power to engraft upon the statute any proviso allowing the debtor to select omitted articles where the legislative declaration is that it shall not be exempt.

The protection given by the statute, upon compliance with its conditions, is withdrawn from all property not scheduled, and this independently of any questions of fraud, inadvertence or mistake.

When a party seeks to recover a penalty given by the statute, he must bring himself clearly within the terms of the statute or his action fails.

In the case of Cook et al. v. Bohl, it was said that "it is the duty of the debtor, if he would claim the benefit of the exemption laws, to make a schedule of all his personal property, subscribed and sworn to by him, and tender the same to the

officer.   Calif v. Thomas, 81 Ill. 478; Hewitt v. Johnson, 72 Ill. 513; Evans v. George, 80 Ill. 51; Ogden v. Kirby, 79 Ill. 555. In this view of the case a number of the instructions given by the court for appellee do not correctly state the law.   The judgment of the county court is reversed, and as it appears from the evidence that appellee has no cause of action the case will not be remanded.

Reversed.