## JAMES GRIFFIN

v.

## WILLIAM G. MAXWELL.

| 23 | 405 |
|----|-----|
| 50 | 241 |

| 23 | 405 |
|-----|-----|
| 110 | 617 |

*Exemptions—Schedule—Sufficiency of—Reasonable Time—Laches.*

1. A judgment debtor, who desires to avail himself of the benefits of the Exemption Act, must, within a reasonable time, comply with the conditions of the statute.

2. In the case presented, it is *held:* That a failure of the debtor to file a proper schedule with the officer holding an execution against him, during an entire month after he was notified of the execution, defeated his claim.

[Opinion filed June 7, 1887.]

APPEAL from the Circuit Court of Pope County; the Hon. ROBERT W. McCARTNEY, Judge, presiding.

Mr. W. S. MORRIS, for appellant.

Mr. D. G. THOMPSON, for appellee.

GREEN, J. Appellee, Maxwell, an execution debtor, on August 20, 1886, brought suit in replevin before a Justice against Griffin, appellant, a Constable, to recover ten acres of growing corn and ten acres of clover hay. A trial in the Circuit Court resulted in a verdict and judgment for appellee, and appellant took this appeal. Appellant levied upon the property in controversy by virtue of an execution against appellee,

who claims said property under the provisions of the present Exemption Act of this State. The execution came to the hands of the officer, July 17, 1886, and the levy was made August 19, 1886. It appears from the evidence appellant, on July 19th, called on Maxwell with the execution, read it to him and demanded property; Maxwell said he would claim the exemption, and asked appellant if he would require him to schedule, who replied he would. Two weeks thereafter, appellant again called at the house of Maxwell, who was absent, but whose wife told appellant her husband had his papers ready, and no levy was then made. After waiting until August 19th, and hearing nothing from Maxwell, appellant levied upon the property, then went on to the house of Maxwell, met him there, and the latter presented a paper, not signed or sworn to, which the appellant refused to accept, saying he had no use for it, that it was too late, he had made the levy.

It is quite apparent, after inspecting this record, that appellee failed to comply with essential requirements of the statute. He did not at any time sign or swear to a schedule. He did not offer to sign the paper he presented to the officers, nor ask the officers to swear him to it. He had been told by appellant at the time he came first with the writ that a proper schedule would be required, but instead of providing himself with such, signed and sworn to, and tendering same within a reasonable time, to the officer, he absented himself from home, failed and neglected for a period of four weeks from the time he was first called on and property demanded, to sign, swear to or even prepare a *proper* schedule, or see the appellant about the matter. Nothing is shown by the record excusing appellee for his *laches*, and the paper called a schedule read in evidence at the trial below was incompetent and irrelevant, possessing no more force or effect as a schedule than a piece of blank paper—and the court erred in admitting it.

The earlier legislation of this State, exempting from levy and sale under execution, certain of the debtor's property, required of him no affirmative act in claiming property specifically exempt to avail himself of its benefits. He need not

Griffin v. Maxwell.

inform the officer having the writ what his personal property consisted of. He need make no schedule thereof.

The officer became liable to the debtor if he levied upon and seized exempted property, and became liable to the plaintiff in execution, if he failed or refused to make a levy if it could be made to appear the debtor had property over and above the amount exempted. The present liberal statute was probably, in part, designed to do away with defects in prior acts, and, while it gives the honest and unfortunate debtor a much larger amount of property exempt from levy and sale, it requires him to do certain acts, after he is notified of the execution and within a reasonable time before a levy has been made, to entitle himself to the benefit of the statute; he must make a schedule of all his personal property including debts owing to him; this schedule he must deliver to the officer having the writ against him. This schedule must be signed and sworn to by the debtor, and any property owned by him and not included therein, shall not be exempt; when these acts are performed by the debtor, the officer is required to summon appraisers who, acting under oath, fix a fair valuation upon each article contained in the schedule. Then the debtor makes his selection of the articles so appraised and may retain such and so much thereof as do not exceed in aggregate value the amount exempted, and then deliver the remainder to the officer. These conditions must be complied with by the debtor before he can lawfully be entitled to the aid of the statute, and the plaintiff below, as we have before said, has failed to comply with these essential conditions. The property levied upon and in controversy here, was not included in the schedule signed, sworn to and delivered, as required by the act, was liable to the levy made, and the verdict and judgment below should have been for appellant. The views above expressed touching the requirement of the statute and the necessity of a strict compliance therewith, by debtor, before he can have its aid, are fortified by decisions of both Appellate and Supreme Court of this State. Menzie v. Kelley, 8 Ill. App. 259; Biggs v. McKenzie, 16 Ill. App. 286; Amend v. Smith, 87 Ill. 198.

Several of the instructions given on behalf of the plaintiff

below are complained of, but inasmuch as he has and can have, no cause of action against appellant for the property levied on, we deem it superfluous to discuss the question raised, as to the correctness of such instructions.

The judgment is reversed and cause remanded.

*Reversed and remanded.*