HENRY G. EHLE

v.

FRED DEITZ.

*Replevin—Exemptions—Demand—Notice—Schedule—Failure to File— Former Adjudication— Consolidation of Causes—Appraisal.*

32   547<br>50   241

1.   Property in the lawful possession of another under a distress warrant should not be replevied without previous demand.

2.   The owner can not, under the statute concerning exemptions, become entitled to the possession of property held under a distress warrant, without first making out and delivering the required schedule.

3.   It is proper in an action of replevin brought to recover property dis-
trained, to submit to the jury, upon the request of the plaintiff, the question
whether a reasonable time was given for the appointment of appraisers to
value the same, after delivery of the schedule and before the institution of
the suit.
4.   An appraisal in an action of this character must show that the persons
making the same were legally appointed.
5.   It *seems* that the present suit is not barred by the former one, and
that the statute in regard to consolidation of causes of action has no appli-
cation.


[Opinion filed June 11, 1889.]


APPEAL from the Circuit Court of McHenry County; the
Hon. CHARLES KELLUM, Judge, presiding.

Messrs. BARNES & SMILEY, for appellant.

" Where an officer holding proper legal process takes goods
from the possession of the defendant named in his writ, he is
but doing his duty and his possession is lawful, so that replevin
can not be maintained against him without demand." Wells
on Replevin, Section 368, and cases there cited; also, Tuttle
v. Robinson, 78 Ill. 332; Holladay v. Bartholomae, 11 Ill.
App. 206.

" To sustain the action of replevin for wrongfully taking
and detaining a personal chattel, it is necessary to show that
the defendant wrongfully took it from the actual or construc-
tive possession of the plaintiff. This is elementary law."
Simmons v. Jenkins, Adm., 76 Ill. 479; Johnson v. Prussing,
4 Ill. App. 575; Holladay v. Bartholomae, 11 Ill. App. 206;
Ingalls v. Bulkley, 13 Ill. 315; Woodward v. Woodward, 14
Ill. 466.

" We understand the law to be well settled, that where a
party obtains the possession of property lawfully, an action of
replevin can not be maintained to recover it until a demand
has been made and the possession refused." O. & M. Ry. Co.
v. Noe, 77 Ill. 513; Clark v. Lewis, 35 Ill. 417.

" A debtor must make and present a schedule whether he
has more or less property than is exempt, and if he leaves out
any property he can not present a second schedule and include

Ehle v. Deitz.

the property omitted from the first." Blair v. Parker, 4 Ill. App. 409; Biggs v. McKenzie, 16 Ill. App. 286.

"If a debtor wishes to avail himself of the benefit of the exemption law, he must present the officers with a schedule of all of his personal property, of every kind and character, including money on hand and debts due and owing to him." Sec. 14, Chap. 52, R. S., Exemptions; Blair v. Parker, 4 Ill. App. 409; Menzie v. Kelley, 8 Ill. App. 259; Biggs v. Mc-Kenzie, 16 Ill. App. 286; Cook et al. v. Bohl, 8 Ill. App. 293; Griffin v. Maxwell, 23 Ill. App. 405.

"There must be a strict compliance with the provisions of the statute before a party can claim the benefit of the exemption law." McMasters v. Alsop, 85 Ill. 157; Amend v. Smith, 87 Ill. 198; Griffin v. Maxwell, 23 Ill. App. 405, and cases there cited.

The first replevin suit is a complete bar to the second, as it was the duty of the plaintiff to avoid a multiplicity of suits, and include all the property in the first suit, as the same would still have been within the jurisdiction of a justice. Sec 49, Chap. 79, R. S; Mallock v. Krome, 78 Ill. 110; Nickerson v. Rockwell, 90 Ill. 460; Dulaney v. Payne et al., 101 Ill. 325; Lathrop v. Hayes, 57 Ill. 279; McKinney v. Finch, 1 Scam. 152; Lucas v. LeCompte, 42 Ill. 303; Casselberry v. Forquer, 27 Ill. 170; Camp v. Morgan, 21 Ill. 258.

Mr. J. F. CASEY, for appellee.

"Under the provisions of the act entitled 'An act to exempt certain articles from execution,' in force March 4, 1843, as a general rule it is the duty of an officer having an excution in his hands, before he proceeds to take or seize any of the personal property of the defendant in such execution by a levy thereon, to notify such defendant of his having such execution in his hands, if practicable, and thereupon it is the right of such defendant to select such property as he desires to retain under the act aforesaid, surrendering to the officer all his other property not thus selected or specifically exempt, for the satisfaction of such execution." Cook v. Scott, 1 Gilm. 333; Blair v. Parker, 4 Ill. App. 409.

"Where the law exempts property, to be selected by the execution debtor, the general rule is that the officer should give the debtor notice, if practicable, and thus afford him an opportunity before levy or sale to make the selection and claim the exemption. If the debtor is absent from the county, it is not practicable, within the meaning of the rule, for the officer to give such actual notice." Foote v. The People, 12 Ill. App. 94.

"The law sets apart certain specified property and wholly exempts it from execution or attachment." Cooley on Torts, 395, 396.

"A statute exempting property from levy and sale is not to be construed strictly, but so as to carry out the obvious intentions of the legislature." Washburn v. Goodheart, 88 Ill. 229; Good v. Fogg, 61 Ill. 449.

LACEY, J. The appellee was the owner of certain personal property and was the head of a family, residing with the same, and was indebted to George Bardwell, his landlord, for certain rent due him.

Bardwell placed in the hands of appellant a landlord's warrant against appellee, ordering the said bailiff to make of the goods and chattels of appellee a certain sum of money claimed for rent. Thereupon appellant levied upon certain goods and chattels of appellee, without first giving him notice of the fact that he had the warrant to execute. On the 16th of November, 1887, the appellee commenced his replevin suit against appellant, before a justice, to recover certain of the property held under the warrant. On the same day the appellee handed appellant his certain schedule made out, as is insisted according to the provisions of section two of the act concerning the exemption of personal property, Session Laws, 1887, p. 179, but whether or not it was handed to appellant before or after the replevy is not entirely certain, but the weight of the evidence seems to be that it was not so delivered till after the goods were replevied, and that no demand was made of appellant for the property prior to the time the suit was brought.

Ehle v. Deitz.

The appellant then proceeded to judgment on the distress warrant, and after obtaining a judgment in favor of Bardwell for the rent due him, the justice before whom the judgment was obtained issued a special execution, which was placed in appellant's hands, ordering him to make sale of the balance of the property not replevied, remaining in his hands, to satisfy the judgment.

On November 4, 1886, the appellee made out and delivered to the sheriff a new schedule as provided by statute, containing the same property as the first one, and also some additional articles omitted from the first. The appellant did not act under said last schedule or either of them as to the appraisal of the property remaining in his hands, or as to any of it, but received the special execution into his hands of date of November 20, 1886. Thereupon, on the 30th day of November, 1886, the second replevin suit was commenced by appellee before a justice, and the balance of the property replevied. After the trial of the causes before the justice they were appealed to the Circuit Court, and there, being consolidated by agreement, were tried, resulting in a verdict for appellee, and judgment on the verdict by the court and appeal to this court.

Various questions are raised and urged on our attention as cause of reversal.

1. It is urged that the evidence failed to show demand for the property by appellee before suit brought.

2. The first replevin suit was commenced before schedule was delivered to appellant.

3. The schedule did not contain a list of all appellee's property.

4. The first replevin suit was a bar to the second one.

5. The instructions for appellee were erroneous.

6. The court erred in refusing appellant's instructions.

7. It was error because the court admitted in evidence the two appraisement lists made out by James Duffield, Ira Slocum and Judd.

8. Because the court erred in not setting aside the verdict and granting appellant a new trial.

There were also some minor objections not necessary to notice.

The instructions of appellant, which were refused, are as follows:

"The jury are further instructed, as a matter of law, that even though the jury may, and do believe, from the evidence, that the property mentioned in said schedule was worth less than $400, still, unless the plaintiff has shown by a preponderance of the evidence that he made a demand on the defendant, Ehle, for the property in controversy before he commenced the replevin suits, you should find a verdict for the defendant, Ehle, if the jury believe the property had been levied on by Ehle on the 15th day of October, and that Deitz knew of such levy the day it was made."

"The court instructs the jury, as a matter of law, that even though the jury may and do believe from the evidence that the property mentioned in the schedule that was presented to the defendant, Ehle, was worth less than $400, still, unless the plaintiff, Fred Deitz, has shown by a preponderance of the evidence that he presented the schedule to Ehle before he commenced the replevin suit before J. H. Johnson, you should find a verdict for the defendant, Ehle, as to the property in said replevin suit."

We are of the opinion that the above instructions should have been given. The possession of the property under the distress warrant in the first instance under the statute was lawful, and before the appellant could be put to costs by the commencement of a suit for the wrongful detention of the property, a demand should have been made in order to enable him to give up the property, even if otherwise the appellees were entitled to the possession of the property.

Before, in any event, the appellee could have become entitled to the possession of the property under the provisions of the statute concerning exemptions of personal property above referred to, he should have delivered a schedule to the appellant. Without such schedule, and with neglect and refusal to make out one and deliver it, the right to claim his exemptions would be forfeited. Therefore the second of the

Ehle v. Deitz.

above instructions should have been given.    Griffin v. Max-well, 23 Ill. App. 405.

As to the property described in the first replevin suit there seems to be slight evidence that the appellant had any time given him, or a reasonable time, to appoint appraisers to value it after appellee delivered his schedule, if he delivered one at all, before he instituted his suit.   Yet we can not say it was error to submit that question to the jury at the request of the appellee, as there was some evidence on the subject.   We think the court committed no error in giving the instructions in regard to the effect of the omission by appellee of certain property from his schedules.

It appears that the court admitted two lists of appraisals of appellee's property, made by Duffield, Slocum and Judd, against the objection of appellant.   This was error.   It does not appear by whom these self-constituted appraisers were appointed, except that appellant did not appoint them under the statute.   Such appraisals were not evidence of anything. Two of said appraisers were sworn, but failed to testify as to the value of the property set forth in the appraisement, only saying that the list contained the value of the property according to the appraisement.   There was no other evidence as to the value of the property.

We are not prepared to say, under the evidence, that the first replevin suit was a bar to the subsequent one, or that the statute in regard to consolidation of causes of action applies to this class of cases.

The judgment of the court below is reversed and the cause is remanded.

*Reversed and remanded.*