## Bohn v. Weeks et al.

1.　GIFTS—*By a Debtor—Must be Reasonable.*—The gift which a debtor may make must be reasonable in view of all the circumstances of the debtor at the time.

2.　GIFTS—*By a Debtor—Must be Reasonable—Application of the Law.*—A gift of $6,500 to a wife, out of a total of $7,200 possessed by the husband, at a time when he is owing notes amounting to over $400, long past due, is not reasonable.

3.　GIFTS—*By Husband to Wife.*—A gift by a husband to his wife, while he is indebted to other persons, and which renders him insolvent, is fraudulent as to such creditors, to the extent of their respective claims.

4.　EXEMPTIONS—*Debt for Wages of Laborer or Servant.*—The statute of this State provides that certain property shall be exempt from execution when the debt or judgment is *not* for the wages of a laborer or servant, in which case not even the clothes upon one's back, or the shoes upon his feet, are exempt.

5.　GIFTS—*Husband to Wife.*—A gift from a husband to his wife, as between them, is valid.　As against him, the substance of the gift becomes

her property.  It is a transfer of property, which the husband's creditors alone can set aside, if fraudulent, to the extent of their claims.

6.  EXEMPTIONS—*Waiver of the Right.*—A husband being in debt gave some money to his wife.  Afterward, a personal demand was made upon him by the sheriff, under an execution for property, and the execution returned unsatisfied.  Upon the hearing of a creditor's bill it appeared that a portion of the money still remained in the hands of the wife.  The husband did not in his answer to the creditor's bill, or at any other time, claim the money as exempt as to the claims of creditors existing at the time the gift was made.  Upon its being so claimed, *it was held*, that by the act of making the gift the husband parted with the title to the property, and, although declared fraudulent as to creditors and the property applied to the payment of his debts, it did not thereby become again the property of the husband, and hence no exemption is allowed in property he did not own.

**Memorandum.**—Creditor's bill.  In the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding.  Trial by the court and dismissal for want of equity; appeal by complainant.  Heard in this court at the March term, 1893.  Reversed and remanded with directions. Opinion filed April 6, 1893.

APPELLANT'S BRIEF, NEWTON WYETH, ATTORNEY.

The right to impeach a transfer for fraud is not personal, but exists only as to the demand, and " whoever becomes owner of the debt may enforce it against the property." Bump, Fraud. Conveyances, 3d Ed., 506; Gould v. Steinburg, 84 Ill. 170; First National Bank v. Loper (N. J. Chy.), 16 Atl. Rep. 538.

Appellant contended that when the complainant had shown the indebtedness, a gift of the most of his property to the wife, and the indebtedness still continuing unpaid, the burden fell on defendants to show by clear affirmative evidence, that sufficient property was retained to pay the husband's debts.  This they failed to do.  Frank v. King, 121 Ill. 250.

Upon a presumptive case, the burden is upon the grantee. Ferguson v. Gilbert, 16 Oh. St. 96; Moritz v. Hoffman, 35 Ill. 553.

The suspicion of a fraudulent intention may be removed by proper evidence, but the question always remains whether the conveyance operated to the prejudice of creditors.  Such

a gift is never upheld unless property is retained, clearly and beyond doubt, sufficient to pay all the donor's debts. Claflin v. Mess, 30 N. J. Eq. 212; Crumbaugh v. Kugler, 2 Oh. St. 378.

APPELLEES' BRIEF, RUSSELL & MORSE, ATTORNEYS.

It has been asserted frequently and emphatically by our Supreme Court, that in order to impeach a voluntary conveyance or gift, as fraudulent, it is incumbent upon the complainant, in the absence of fraud in fact, to allege and prove insolvency of the grantor or donor, at the time of the conveyance or gift, or to prove such facts and circumstances as will warrant a court or jury in presuming insolvency. Moritz v. Hoffman, 35 Ill. 558 and 560; Bittinger v. Kasten, 111 Ill. 264, 265 and 266; Falloon v. McIntyre, 118 Ill. 300; Merrell v. Johnson, 96 Ill. 230 and 231; Matthews v. Jordan, 88 Ill. 606.

It was contended that the balance of $284.11 remaining of said gift, did not exceed the amount reserved to Frank Weeks, as the head of a family, by the statute of exemptions, and therefore it can not be reached by appellant and subjected to the satisfaction of his claim.

The bill of complaint alleges that he has property and equitable interests, things in action or effects above the amount exempt to him under the exemption laws of this State and not exempt under said laws, and exclusive of all prior first claims thereon, which complainant has been unable to reach by execution on his judgment against said defendant.

This allegation was traversed by the answer of Frank and Matilda S. Weeks, and the question is, therefore, aptly raised by the pleadings.

In this State, an exemption has been allowed the grantor, where the conveyance was set aside for fraud. Newman v. Willetts, 52 Ill. 100, 106. It was suggested in connection with the above case that the statute then in existence, regarding homestead exemptions, did not provide for an estate as does the present statute, and that the conveyance was set aside for actual fraudulent intent and purpose, thus

presenting stronger reasons why exemption should not be allowed. This authority seems, therefore, the more cogent.

The following authorities also bear upon the question of exemption, where it has been sought to set aside sales or gifts as fraudulent. Waples on Homestead and Exemption, 531 *et seq.* and 918 *et seq.;* 7 Am. and Eng. Enc. of Law, 135; Jaffers v. Aneals, 91 Ill. 487 (493); Cipperly v. Rhodes, 53 Ill. 346; Bridgers v. Howell (S. C.), 3 S. E. Rep. 790 (795); Sawnover v. King, 49 Ark. 299, 5 S. W. Rep. 327 and 328; Burdge v. Bolin, 106 Ind. 175, 6 N. E. Rep. 140, 141 and 142.

OPINION OF THE COURT, WATERMAN, J.

In November, 1883, Frank Weeks gave to Charles Bohn his two notes, each for $150, and due, respectively, in ninety days and four months from the date thereof. These notes were afterward assigned to appellant, and in December, 1891, a judgment against Frank Weeks for $492.66 was rendered thereon. Upon this execution was issued, and demand having been made, the writ was returned no property found.

About May 6, 1890, Frank Weeks having, as he testifies, about $7,200 in money, gave $6,500 of it to his wife, who deposited it in bank to her credit. From this sum, from time to time, she had paid family expenses until at the time of the filing of the creditor's bill in this case, there remained in bank to her credit the sum of only $284.11.

Mr. and Mrs. Frank Weeks, in their answer to the creditor's bill filed against them, say that he has made no sale, assignment or transfer of his property or effects or any part thereof.

The bill having been dismissed for want of equity, the complainant in the creditor's bill prosecutes this appeal.

We think it clear that this gift by Frank Weeks to his wife rendered him insolvent. He was then owing, not only the notes upon which the judgment in favor of appellant was rendered, but other indebtedness. These notes, then many years past due, he, with over $7,000 in money in his possession, makes no offer to pay, but gives to his wife the sum of $6,500. Such conduct, under the circumstances, was

clearly fraudulent as regards his creditors. Such was the report of the master, and such report should have been confirmed. Wisconsin Granite Co. v. Ray (Ill.), 33 N. E. 31; Lachman et al. v. Martin et al. (Ill.), 28 N. E. 795; Emerson v. Bemis, 69 Ill. 537, 541; Morrill et al. v. Kilner, 113 Ill. 518.

The gift which a debtor may make must be reasonable in view of all the circumstances of the debtor at the time. A gift of $6,500 to one's wife, out of a total of $7,200 or $7,300 possessed, at a time when the debtor is owing notes amounting to over $400, long past due, is not reasonable.

The statute of this State provides that the following property shall be exempt from execution when the debt or judgment is not for the wages of any laborer or servant, in which case not even the clothes upon one's back, or the shoes upon his feet, are exempt.

"First. The necessary wearing apparel, bibles, school books and family pictures of every person; and second, one hundred dollars' worth of other property, to be selected by the debtor, and in addition, when the debtor is the head of a family and resides with the same, three hundred dollars' worth of other property, to be selected by the debtor, provided that such selection and exemption shall not be made or allowed to him or her from any money ＊ ＊ ＊ due him or her from any person or persons or corporation whatever."

The statute further provides that whenever any debtor against whom an execution, writ of attachment or distress warrant has been issued, desires to avail himself of the benefit of such exemption, he shall within ten days after notice of the execution, etc., make a schedule of all his personal property, including money on hand and debts due and owing to the debtor, and shall deliver such schedule to the officer having the execution, writ of attachment or distress warrant.

It is insisted that the sum of $284.41 in bank to the credit of Mrs. Weeks, which the master found was a part of a sum fraudulently given to her by her husband, and which

sum he did not in his answer claim as exempt from execution, he insisting that the money belonged to her, is to be treated as a sum which is exempt from the claims of creditors.

It will be observed that as to personal property, it is only that of a debtor which is exempt. There is no provision allowing a debtor to claim as exempt the property of another.

The gift of $6,500 by Frank Weeks to his wife, was, as between them, perfectly valid; as against him, the money thus became her property. It was a transfer which his creditors could alone set aside, and they can do so only to the extent of their claims. They have an equitable right to have the gift, to the extent that it was fraudulent as to them, set aside; thereby the money does not again become the property of the husband, although applied to the payment of his debts.

Frank Weeks did not, in his answer, nor has he at any time, claimed this money as exempt. A personal demand under the execution issued upon the judgment was made upon him by the sheriff. It was then his right, not necessarily to have, but to have claimed this money as exempt; having failed so to claim and also failed to claim the same in his answer, he must be held to have waived any right he might have had to have it treated as exempt. Menzie v. Kelly, 8 Brad. 259; Griffin v. Maxwell, 23 Ill. App. 405; Ehle v. Deitz, 32 Ill. App. 547; Amend v. Smith, 87 Ill. 198.

Frank Weeks testified in this case that he had not any personal or real property. To allow him to hold this money as exempt, is to give him property which he has solemnly sworn he does not own.

The decree of the Superior Court is reversed and the cause remanded with directions to enter a decree commanding the Illinois Trust and Savings Bank to pay over to Henry J. Bohn the sum of $284.11, to be applied upon his judgment against Frank Weeks, and to enter a judgment against Frank Weeks and Mrs. Frank Weeks for costs. Reversed and remanded with directions.